**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re:** | CV F 05-1153  AWI LJO |
| **CENTRAL VALLEY PROCESSING, INC,** | ORDER DENYING MOTION TO WITHDRAW REFERENCE FROM BANKRUPTCY COURT |
| **Debtor.** | |
| **MICHAEL D. McGRANAHAN, CHAPTER 7 TRUSTEE** | |
| Plaintiff, | |
| v. | |
| **ROBERT CHRISTIAN, et al.,** | |
| **Defendant**s | |

    This is an adversary proceeding for damages, declaratory relief, avoidance and recovery of fraudulent transfers, and avoidance and recovery of preference payments that arises from the bankruptcy case of Central Valley Processing, Inc. ("CVP") by Michael D. McGranahan, Chapter 7 Trustee ("Plaintiff").  Defendants in this action are five named individuals who, at times relevant to this action, were shareholders and officers or members of the board of directors of CVP, and two California general partnerships (collectively, "Defendants").  In the instant motion, Defendants seek to withdraw the reference to the bankruptcy court for purposes of jury trial on the issues presented in the adversary proceeding.  The complaint, which alleges

a total of sixteen claims for relief, alleges claims that are both core bankruptcy proceedings within the meaning of 28 U.S.C., section 157(b), as well as non-core state law claims. Federal subject matter jurisdiction over the core claims exists pursuant to 28 U.S.C., section 1334. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C., section 1367. Venue is proper in this court.

## FACTUAL AND PROCEDURAL BACKGROUND

CVP is a California corporation located in Merced County whose primary business is the processing and selling of almonds. On February 21, 2003, CVP filed a voluntary petition for bankruptcy under Chapter 11. Plaintiff was appointed Chapter 11 trustee on or about August 12, 2003. On or about November 20, 2004, CVP's case was converted to a bankruptcy proceeding under Chapter 7. Plaintiff remains the Chapter 7 bankruptcy trustee.

The complaint in the adversary action that is the subject of the motion for withdrawal of the reference was filed in bankruptcy court on February 17, 2005. The complaint names as defendants individuals Robert W. Christian, Arla Dill, Karen E. Torrano, George Crafton, and Andrew Pursley, and partnerships Merced Almond Venture ("MAV") and Dairyland Haulers. The complaint alleges a total of sixteen claims for relief. The first and second claims for relief allege breaches of fiduciary duty and misconduct against the individual defendants. The first claim is alleged against Christian alone, and the second claim is alleged against Dill, Torrano, Crafton and Pursley. Claim three request declaratory relief to determine indebtedness of MAV to CVP and claim four requests judgment on the debt. Claims five and six are also against MAV to avoid and recover fraudulent transfer, and preferential transfer, respectively. Claim seven is against Dill for judgment on open book account. Claims eight through fourteen are to avoid and recover either preference or fraudulent transfers to both partnerships and all the individual defendants except Christian. Claim fifteen is against all Defendants for recovery of property of the bankruptcy estate and the sixteenth claim is against all defendants for disallowance of claims of all Defendants against the bankruptcy estate.

Pertinent to the motion to withdraw the reference, the sixteenth claim for relief alleges that each of the individual and partnership Defendants has filed at least one claim against the bankruptcy estate. Specifically, the sixteenth claim asks the court to disallow claims against the bankruptcy estate by Christian (claim 62), by Crafton (claim 58), by Torrano for Crafton (claim 65), by Torrano for Torrano Farms (claim 25), by Torrano for Torrano (claim 64), for Dill with no amount (claim 57), for Norman and Arla Dill (claim 63), by Dill for Dill Ranch (claim 92) by Pursley for Pursley (claim 66), and by Pursley for Pursley Trucking (claim 78). The court also notes the sixteenth claim also requests disallowance of claims by Merced Almond Venture and Dairyland Haulers. Because the briefings on the motion to withdraw the reference do not address the status of these claims, the court must infer the claims against the bankruptcy estate remain part of the bankruptcy proceeding.

The motion to withdraw the reference to the bankruptcy court was filed on September 9, 2005, by individual defendant Christian. The remaining individual defendants have endorsed or not opposed the motion. On February 10, 2006, Plaintiff filed a "Limited Opposition to Motion to Withdraw Reference to the Bankruptcy Court." In the limited opposition, Plaintiff states jury trial is desirable but that discovery should continue to be overseen by the bankruptcy court. On February 21, 2006, Christian filed a reply in which he opposed that portion of Plaintiff's limited opposition. Christian's reply contends the bankruptcy court should not conduct discovery for purposes of the adversary proceeding.

## LEGAL STANDARD

Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 in response to the Supreme Court Case, <u>Northern Pipeline Construction Co. V. Marathon Pipe Line Co.</u>, 458 U.S. 50 (1982), which held the Bankruptcy Act of 1978 had "impermissibly shifted essential attributes of judicial power from the Article III district court to its non-Article III adjunct, the Bankruptcy court." <u>Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers</u>, 124 F.3d 999, 1008 (9th Cir. 1997). Under the 1984

act, district courts were given original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, but "allowed federal courts to 'refer' bankruptcy cases to the bankruptcy judges for the district automatically. [Citation.] This authority was tempered, however, with a provision that the reference may or shall be withdrawn in certain situations:

> 'The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.'"

In re Vicars Ins. Agency, Inc. 96 F.3d 949, 951-952 (7th Cir. 1996) (quoting 28 U.S.C. § 157(d)). The above-quoted statute contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations. [Citation.]" In re Coe-Truman Technologies, Inc., 214 B.R. 183, 185 (N.D. Ill. 1997). "The burden of demonstrating both mandatory and discretionary withdrawal is on the movant." In re U.S. Airways Group, Inc., 296 B.R. 673, 667 (E.D. Virginia 2003).

**DISCUSSION**

Defendants correctly contend the Ninth Circuit applies four non-exclusive factors to determine whether cause exists under 28 U.S.C. 157(d) to permissively withdraw the reference to the bankruptcy court. The four non-exclusive factors are efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, and prevention of forum shopping as well as related factors that may bear on the decision. In re Canter, 299 F.3d 1150, 1154 (9th Cir. 2002). The court takes judicial notice of the fact that under local practice, bankruptcy courts of this district do not provide jury trials. Both Defendants and Plaintiff contend jury trial is necessary in this case and reason that considerations of both judicial economy and effective administration of law militate strongly in favor of withdrawal of the reference for the purpose of trying the claims set forth in the complaint to a jury.

Whether withdrawal of the reference serves the interests of any of the factors mentioned above depends on whether the parties are entitled to a jury trial on the claims set forth in the

complaint and, if so, on which specific claims. Certainly, withdrawal of the reference to provide a jury trial would be extraordinarily wasteful where the right to jury trial does not exist, regardless of how favorably the parties may look on a jury trial to settle their claims.

To the extent the parties have briefed the issue of entitlement to a jury trial, their arguments have focused on the fact the complaint sets forth non-core, as well as core bankruptcy issues. The parties seem to infer that where an adversary action within a bankruptcy case involves the settling of claims that involve non-core issues, jury trial is authorized. This significantly misstates the significance of the core, non-core distinction.

The 1984 amendments to the Bankruptcy Code provided the bankruptcy court "with two tiers of judicial authority, depending upon whether the proceeding before it was 'core or 'non-core.'" Dunmore v. United States, 358 F.3d 1107, 1114 (9th Cir. 2004). The Dunmore court went on to explain:

> This distinction forms the linchpin for bankruptcy court adjudication under the amended Act. In "core" proceedings, the bankruptcy court may hear, determine, and enter final orders and judgments. 28 U.S.C. § 157(b)(1). Acting as appellate courts, the district courts and the courts of appeal review the bankruptcy court's decisions in core matters. 28 U.S.C. § 158. In contrast, in "non-core" proceedings, the bankruptcy is limited to hearing the matter and submitting proposed findings of fact and conclusions of law to the district court. The district court reviews de novo any findings or conclusions objected to and enters a final order and judgment. [. . . .] The core/non-core distinction segregates those proceedings that an Article I legislative court may hear and decide by a final order from those that an Article III court must subject to non-deferential review as non-final orders.

Id. In short, the core/non-core distinction goes to the extent of the bankruptcy court's jurisdiction, not the rights of parties to jury trials on particular contested issues.

The right to jury trial in civil cases is determined by the Seventh Amendment. In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), the Supreme Court examined the extent of the Seventh Amendment right to jury trial in a civil case in the context of bankruptcy proceedings. The Seventh Amendment grants the right of jury trial only to "suits at common law," which the Granfinanciera court interpreted as meaning cases involving legal rights. "No jury right attaches to equitable claims." Billing v. Ravin, Greenberg & Zackin, 22 F.3d 1242,

5

1245 (3rd Cir. 1994) (citing <u>Granfinanciera</u> 492 U.S. at 41). The <u>Granfinanciera</u> court set forth a three-part test to determine whether a Seventh Amendment trial right exists in a particular action:

> First, we compare the statutory action to 18th - century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on the balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

<u>Id.</u> at 42.

Actions sounding in tort or actions seeking money damages for a breach of contract are generally considered actions at law. <u>Billing</u>, 22 F.3d at 1245. On the other hand, "actions to determine the non-dischargeability of debts fail the second prong of [the <u>Granfinanciera</u>] test because such proceedings are equitable in nature. [Citation.] Bankruptcy litigants therefore have no Seventh Amendment right to a jury trial in dischargeability proceedings." <u>American Express Travel Related Serv. Co., Inc. V. Hashemi</u>, 104 f.3d 1122, 1124 (9 Cir. 1997) ("<u>Hashemi</u>").

The issue that the <u>Granfinanciera</u> court directly addressed, and that arises in the complaint in this case, is whether the defendant in an action by a bankruptcy trustee to avoid and/or recover a fraudulent transfer is entitled to a jury trial under the Seventh Amendment. See <u>Granfinanciera</u>, 492 U.S. at 36. Significantly, in <u>Granfinanciera</u>, the defendant in the action to avoid the fraudulent transfer had not filed a claim against the bankruptcy estate. <u>Id.</u> The Court held that an action to avoid fraudulent transfer was legal in nature, <u>id</u>. at 47-48, and that a defendant in such an action is entitled to jury trial under the Seventh Amendment "notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. § 157(b)(2)(H)." <u>Id.</u> at 36.

In <u>Langenkamp v. Culp</u>, 498 U.S. 42 (1990), the Supreme Court clarified its holding in <u>Granfinanciera</u> by addressing directly the issue of whether the Seventh Amendment right to

6

jury trial applies where creditors who submit a claim against a bankruptcy estate and who are then "sued by the trustee in bankruptcy to recover allegedly preferential monetary transfers are entitled to jury trial under the Seventh Amendment." Id. at 42-43.  The Langenkamp Court reasoned its holding as follows:

> In Granfinanciera we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. [Citations.] If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. [Citation.]  In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. [Citation.] As such, there is no Seventh Amendment right to a jury trial.  If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer.  In those circumstances the preference defendant is entitled to a jury trial. [Citation.].  ¶ Accordingly, "a creditor's right to a jury trial on a bankruptcy preference claim depends upon whether the creditor has submitted a claim against the estate." [Citation.]

Langenkamp, 498 U.S. at 44-45 (citations omitted, emphasis in original).

The Ninth Circuit has held that "a bankruptcy litigant waives his right to a jury trial in proceedings 'vital to the bankruptcy process of allowance and disallowance of . . . claims.' [Citation.]"  Hashemi, 104 F.3d at 1125 (quoting Benedor Corp. v. Conejo Enterprises, Inc., 96 F.3d 346, 354 n.6 (9th Cir. 1996)).

Reviewing the complaint, it is plain that claims numbered 5, 6, and 8 through 14 are all claims to avoid and recover preference payments or to avoid and recover fraudulent transfers.  As such, they are claims identical to those considered in Granfinanciera and Langenkamp. Under those cases, the right to a jury trial depends on whether the defendants in the contested action to avoid and recover fraudulent transfers or preference payments have submitted themselves to the equitable powers of the bankruptcy court by filing claims against the bankruptcy estate.  Since the court has found it must infer from the complaint that each of the defendants has filed at least one claim against the bankruptcy estate, claims 5, 6, and 8 through 14 are claims to which Defendants have waived their Seventh Amendment trial rights by filing

7

claims against the bankruptcy estate.

In addition, the court concludes, after examining the third and fourth claims for relief (open book account against MAV), the seventh claim (open book account against Dill), the fifteenth claim (recovery of estate property), and the sixteenth claim (disallowance of the claims of the individual defendants), that these are all claims falling within the broader category of claims that are integral to the restructuring of the debtor-creditor relationship. As such, they are subject to the bankruptcy court's *equity jurisdiction*. Langenkamp, 498 U.S. at 44-45. Following Langenkamp, the court must conclude Defendants have no right to jury trial on these claims as well.

The first and second claims for relief are the only remaining claims for which Defendants may have a Seventh Amendment right to jury trial. Both claims are essentially for breaches of fiduciary duty; against Christian in the first claim, and against the other individual defendants in the second claim. For the reasons discussed below, there is no Seventh Amendment right to jury trial on either of these claims.

Analyzing the right to jury trial with regard to the first and second claims for relief, the court, following Granfinanciera, compares the statutory action to 18th - century actions brought in the courts of England prior to the merger of the courts of law and equity, and then examines the remedy sought to determine whether it is legal or equitable in nature. Granfinanciera, 492 U.S. at 42. Whether a particular claim is to be accorded the right to jury trial under the Seventh Amendment "depends on the nature of the issue to be tried rather than the character of the overall action." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 569 (1990) ("Terry").

Here, as previously discussed, the issue is whether the individual defendants breached their fiduciary duties to the bankruptcy estate. "Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions in equity – carrying with them no right to trial by jury." In re Evangelist, 760 F.2d 27, 29 (1st Cir. 1985). The characterization of actions

for breach of fiduciary duties as primarily equitable has been upheld in a number of contexts, including the bankruptcy context. See e.g. id. at 30-31 (equitable claim in context of breach by manager of investment fund); Terry 494 U.S. at 569 (labor union's duty to members); Dunoco Corp. v. Dunoco Dev. Corp., 56 B.R. 137, 140 (C.D. Cal. 1985) (bankruptcy trustee's action for breach of fiduciary duty).

As to the nature of the remedy requested, the court finds the remedy is primarily restitutional. That is, Plaintiff seeks to recover monies lost through alleged transfers for insufficient consideration, self dealing, and losses resulting from bad business practices. In DePinto v. Provident Sec. Life Ins. Co.,323 F.2d 826 (9th Cir. 1963), the court held "that where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is, subject to appropriate instructions, a jury question." Id. at 837. Here, the underlying conduct is not of a nature that it would be actionable in a direct suit at common law. That is, there is no allegation of negligence or contractual breach or any other conduct that would normally be actionable at common law.

The essence of Plaintiff's claims against the individual defendants is that they engaged in self-dealing, poor business management practices, transfers of property in violation of bankruptcy code, and failure to adequately supervise. None of these constitute claims that are traditionally actionable at common law. Further, the fact that the relief requested is monetary does is not determinative of the nature of the remedy requested. "Monetary damages are equitable where they are restitutionary in nature. E Z Feed Cube Co., Ltd. (Grassmueck v. Foster), 115 B.R. 684, 689 (D. Ore. 1990),

In E Z Feed Cube Co., the court noted that there has developed a limited exception to the general doctrine that actions for breach of fiduciary duty are equitable where "'the liability of the trustee is definite and clear and no accounting is necessary to establish [the claim]." Id. at 687-688 (quoting III Scott, The Law of Trusts, § 198 at 1631). An examination of the first

claim for relief indicates the exception does not apply. Again, the claims here are essentially restitutional, reflecting transfer of assets to other entities in which Christian had an interest without adequate compensation to CVP, and other alleged acts of gross mismanagement. Obviously, the amount of claims are not clear and something in the nature of an accounting will be required to establish the amount of the claim. The same is true of the second claim for relief where the individual defendants are alleged to have engage in self-dealing, and failed to exercise sufficient control over Christian.

The court finds the first and second claims for relief fail the first two prongs of the test in <u>Granfinanciera</u>, and as a consequence the Seventh Amendment right to jury trial does not apply. In sum, the court concludes there is no right to jury trial on any of the claims alleged in the complaint. Consequently, the motion to withdraw the reference from the bankruptcy court will be denied. The court recognizes the parties have not briefed the issue of Seventh Amendment right to jury trial in this case. It is, however, the court's opinion both the law and the facts of this case are clear that there is no right to jury trial. Should any party disagree with the court's conclusion, they may file a request for reconsideration of the court's decision pursuant to Local Rule 78-230.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that Defendants motion to withdraw the reference to the bankruptcy court is DENIED. The Clerk of the Court shall CLOSE the case.

IT IS SO ORDERED.

**Dated:   March 24, 2006**           _____/s/ Anthony W. Ishii_____
h2ehf                                         UNITED STATES DISTRICT JUDGE