**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: ) | CV F 05-1153  AWI LJO |
| ) | |
| CENTRAL VALLEY  PROCESSING, INC,) | ORDER DENYING |
| ) | RECONSIDERATION OF |
| ) | MOTION TO WITHDRAW |
| Debtor. ) | REFERENCE FROM |
| ) | BANKRUPTCY COURT |
| _____) | |
| ) | |
| MICHAEL D. McGRANAHAN, ) | |
| CHAPTER 7 TRUSTEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT CHRISTIAN, et al., ) | |
| ) | |
| **Defendant**s ) | |
| _____) | |

   This is an adversary proceeding for damages, declaratory relief, avoidance and recovery of fraudulent transfers, and avoidance and recovery of preference payments that arises from the bankruptcy case of Central Valley Processing, Inc. ("CVP") by Michael D. McGranahan, Chapter 7 Trustee ("Plaintiff").  On March 27, 2006, the court denied a motion by defendant Robert Christian ("Christian"), which was unopposed by the other individual and business entity defendants (collectively "Defendants"),  to withdraw the reference to the bankruptcy court for purposes of obtaining a jury trial on the issues presented in the adversary proceeding (the "March 27 Order").  The court based its decision on a determination that no Seventh

Amendment right to a jury trial attached to any of the claims for relief presented in this adversary proceeding; an issue that had not been addressed by the moving parties. The court recognized its decision was based on an issue that the parties had not briefed, yet determined that a decision was warranted because the ground on which the decision was based was well established. The court invited any party who disagreed with the court's determination to move for reconsideration pursuant to Local Rule 78-230. In the instant motion, defendant Christian requests reconsideration of the court's March 27 Order. For the reasons set forth below, the court will deny Christian's motion for reconsideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The overall factual background on this case is summarized in the court's March 27 Order, and need not be repeated here. Of significance to the instant motion, Christian alleges, and provides documentation to establish that, Christian's proof of claim – claim number 62 against the bankruptcy estate – was withdrawn on January 25, 2006. See Exhibit B to defendant Christian's Request for Judicial Notice; Doc. # 25.

Christian's motion for reconsideration was filed April 6, 2006. Plaintiff filed a responsive pleading on April 25, 2006, in which he does not object to the withdrawal of the reference for the purpose of jury trial, but requests that any grant of motion for withdrawal of the reference be partial so that discovery may be completed in bankruptcy court. Plaintiffs in a parallel case, Grower's Committee v. Robert W. Christian, et al., 06cv0327, have opposed Christian's motion for reconsideration on the grounds there is no right to a jury trial on the bankruptcy estate's action against Christian. Plaintiff alleges in his responsive pleading that there is a motion currently before the magistrate court to consolidate the adversary proceeding in this case with the parallel adversary proceeding in case 06cv1033, which is an action against Christian for breach of fiduciary duties and related claims by the Grower's Committee arising from a separate bankruptcy proceeding. A motion for withdrawal of the reference is apparently pending in adversary action number 06cv 1033, although no briefing schedule has been set as

yet.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court recognizes this standard has been modified somewhat by the court to the extent the court has agreed to consider the parties' arguments with regard to their Seventh Amendment right to jury trial that were not previously briefed.

## DISCUSSION

In its March 27 Order, the court set forth the analysis that applies to the determination of a Seventh Amendment right to jury trial in the context of an adversary proceeding arising out of a bankruptcy proceeding:

> The right to jury trial in civil cases is determined by the Seventh Amendment. In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), the Supreme Court examined the extent of the Seventh Amendment right to jury trial in a civil case in the context of bankruptcy proceedings. The Seventh Amendment grants the right of jury trial only to "suits at common law," which the Granfinanciera court interpreted as meaning cases involving legal rights. "No jury right attaches to equitable claims." Billing v. Ravin, Greenberg & Zackin, 22 F.3d 1242, 1245 (3rd Cir. 1994) (citing Granfinanciera 492 U.S. at 41). The Granfinanciera court set forth a three-part test to determine whether a Seventh Amendment trial right exists in a particular action:
>
>> First, we compare the statutory action to 18th - century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature.  The second stage of this analysis is more important than the first.  If, on the

3

> balance, these two factors indicate that a party is entitled to a jury
> trial under the Seventh Amendment, we must decide whether
> Congress may assign and has assigned resolution of the relevant
> claim to a non-Article III adjudicative body that does not use a
> jury as factfinder.

Id. at 42.

> Actions sounding in tort or actions seeking money damages for a breach
> of contract are generally considered actions at law. Billing, 22 F.3d at 1245. On
> the other hand, "actions to determine the non-dischargeability of debts fail the
> second prong of [the Granfinanciera] test because such proceedings are
> equitable in nature. [Citation.] Bankruptcy litigants therefore have no Seventh
> Amendment right to a jury trial in dischargeability proceedings." American
> Express Travel Related Serv. Co., Inc. V. Hashemi, 104 f.3d 1122, 1124 (9 Cir.
> 1997) ("Hashemi").

May 27 Order at 7.

Granfinanciera's holding identifies two separate factors, either of which may justify a finding that a Seventh Amendment right to jury trial does not attach to an adversary proceeding. First, the court inquires whether or not the adversary proceeding is in the nature of a claim in equity. If the claim can be fairly characterized as a claim in equity, then no Seventh Amendment trial right attaches and the inquiry is at an end. It is only if the adversary claim can be characterized as cognizable at law that the court proceeds to the next step to determine if the claim is one which "Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." Granfinanciera 492 U.S. at 42.

In its brief in opposition to the motion for reconsideration, Grower's Committee, the plaintiff in case number 06cv0327, points out that there are three claims in the complaint in this adversary proceeding that implicate Christian; the first, seventh and sixteenth claims for relief. The seventh claim for relief names Christian in his capacity as partner in defendant Merced Almond Venture ("MAV"), and the sixteenth claim is to recover unauthorized post-petition transfers pursuant to section 549 of the Bankruptcy Code. As Grower's Committee points out, MAV has filed a claim against the bankruptcy estate, claim number 126, and there is no information before the court that this claim has been withdrawn. Thus, with respect to the

4

seventh claim for relief, Christian, as partner in MAV, has submitted to the jurisdiction of the Bankruptcy court and has no right to jury trial.  This issue was discussed in some detail in the court's March 27 Order and that discussion need not be repeated here.  Likewise, it is clear, consistent with the discussion in the March 27 Order, that the sixteenth claim for relief is equitable in nature and part of the "bankruptcy process of allowance and disallowance of . . . claims."  American Express Travel Related Serv. Co., Inc. V. Hashemi, 104 f.3d 1122, 1125 (9 Cir. 1997).

Christian does not contend the court ruled erroneously with regard to its finding there is no Seventh Amendment right to jury trial with respect to the seventh and sixteenth claims for relief.  Rather, Christian focuses on the court's determination there is no Seventh Amendment right to jury trial with respect to the first claim for relief.  The first claim for relief is Plaintiffs' claim that Christian, as an individual, breached a fiduciary duty to Coast and to the bankruptcy estate.

The court's March 27 Order analyzed whether a Seventh Amendment right to jury trial exists with respect to the first claim for relief.  In finding the right to a jury trial is lacking with respect to the first claim for relief, the court focused on the second part of the Granfinanciera test; that is, whether the action is essentially equitable in nature.  Granfinanciera, 492 U.S. at 42.  This court reasoned:

> "Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions in equity – carrying with them no right to trial by jury."  In re Evangelist, 760 F.2d 27, 29 (1st Cir. 1985).  The characterization of actions for breach of fiduciary duties as primarily equitable has been upheld in a number of contexts, including the bankruptcy context.  See e.g. id. at 30-31 (equitable claim in context of breach by manager of investment fund); Terry 494 U.S. at 569 (labor union's duty to members); Dunoco Corp. v. Dunoco Dev. Corp., 56 B.R. 137, 140 (C.D. Cal. 1985) (bankruptcy trustee's action for breach of fiduciary duty).

Doc. 22 at 8-9.

Christian's primary argument for reconsideration is that the court erroneously determined that the first claim for relief implicates issues that are equitable in nature.  The

court notes that the new information that has become available to the court since it originally made its determination has nothing to do with Christian's primary argument and therefore does not enter into the court's analysis.

As this court previously noted, "'Whether a particular claim is to be accorded the right to jury trial under the Seventh Amendment "depends on the nature of the issue to be tried rather than the character of the overall action.'  Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 569 (1990) ("Terry")."  Doc. 22 at 8.  The issue to be tried in the first claim for relief is whether Christian, as president and board member of CVP, committed acts that constitute a breach of fiduciary duty to CVP.  As previously noted, actions for breach of fiduciary duty have traditionally fallen within equity jurisdiction and consequently the right to jury trial does not attach.  See also, Jefferson Nat'l Bank v. Central Nat'l Bank in Chicago, 700 F.2d 1143, 1149 (7th Cir. 1983) ("Jefferson") (citing Restatement (Second) of Trusts § 197 (1959)).

The first claim for relief alleges Christian engaged in self-dealing, usurped business opportunities, and engaged in unsound business practices.  In particular, the first claim for relief alleges Christian committed the following specific acts:

    1. Knowingly incurred debts beyond CVP's ability to repay.

    2. Spent CVP funds to improve property not owned by CVP.

    3. Transferred CVP properties without adequate compensation.

    4. Induced growers and creditors to continue to do business with CVP even though he knew CVP could not repay the obligations

    5. Paid 2001 crop grower accounts with 2002 crop year grower proceeds, and

    6. Generally engaged in bad business practices deepening CVP's insolvency and leading to its eventual demise.

Doc. 6-1 at 9-10.

Christian cites a number of cases that he contends establish his Seventh Amendment

right to jury trial.  Each of the cases cited by Christian illustrate a limited exception to the general rule that a claim for breach of fiduciary duty is an equitable claim that does not implicate a jury trial right.  None of the cases Christian cites are applicable in this case.

DePinto v. Provident Security Life Ins., 323 F.2d 826 (9th Cir. 1963) is a stockholder derivative action and, as is the case in actions for breach of fiduciary duty generally, stockholder derivative actions have traditionally been considered actions in equity.  Id. at 835-836.  Under the facts established by prior actions in DePinto, the court recognized that the only theory of liability as to all the defendants "actually rests upon a finding of gross negligence." Id. at 836.  The DePinto court was very explicit as to the basis of its finding of a Seventh Amendment jury trial right.  The DePinto court held "that where a claim of breach of fiduciary duty is predicated upon underlying conduct, *such as negligence*, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is, subject to appropriate instructions, a jury question."  Id. at 837 (italics added).

In the instant case the allegations against Christian are not predicated on some underlying conduct that would be separately actionable at law.  There is no allegation of negligence.  The allegations against Christian, as contained in the first claim for relief, boil down to allegations of self-dealing and conducting business so as to benefit his own financial position to the detriment of CVP.  The court finds no basis for characterizing the allegations contained in the first claim for relief as anything other than allegations for breach of fiduciary duty.  The exception to the general rule illustrated by DePinto simply does not apply in this case.

The two other cases cited by Christian illustrate the second exception to the general rule. In Dixon v. Northwestern Nat'l Bank of Minneapolis, 297 F.Supp. 485 (D.Minn. 1969), and more authoritatively in Jefferson, 700 F.2d at 1149, the courts invoked the exception derived from section 198 of the Restatement (Second) of Trusts which provides that where "a trustee is removed and a new trustee is appointed, the new trustee can maintain an action at law against him to recover the amount misappropriated, since he is under a duty to pay the money

immediately and unconditionally to the new trustee." Jefferson, 700 F.2d at 1149.  This is essentially the same exception that was discussed in the March 27 Order where the court cited E Z Feed Cube Co., Ltd. (Grassmueck v. Foster), 115 B.R. 684, 687-688 (D. Ore. 1990) for the proposition that "there has developed a limited exception to the general doctrine that actions for breach of fiduciary duty are equitable where "'the liability of the trustee is definite and clear and no accounting is necessary to establish [the claim]." [Citation.]' Id. at 687-688 (quoting III Scott, The Law of Trusts, § 198 at 1631)."  Doc. 20 at 9.

In the instant case, there is no definite and clear liability that would suffice to support the exception.  Indeed, the Jefferson court pointed succinctly to the distinction by finding that the facts in that case did not describe "a suit in equity to compel the trustee to redress a breach of trust by placing a certain amount of money back into the trust corpus but rather a suit for immediate payment on an indebtedness arising out of a breach of trust." Jefferson, 700 F.2d at 1149.  This case is just the opposite.  Here we do have a suit in equity to compel the trustee to redress the breach by placing a yet-to-be determined sum in the trust corpus.  The court, in its March 27 Order found that the exception as set forth in Jefferson, E Z Feed Cube, and Dixon not applicable in this case.  The court continues in that opinion.

Christian also takes issue with the court's characterization of the damages Plaintiff has requested as being essentially restitutionary in nature.  While the court continues in that opinion, the issue is not central to the outcome here.  The court used the term "restitutionary" to describe a situation distinct from the situations in the aforementioned cases where the defendant's liability was clearly determinable and where no accounting is necessary.  Here, what Plaintiff is requesting is restitution of, among others, funds belonging to CVA that were spent on the Grogan Avenue property and other property not owned by CVA and to which Christian allegedly had financial ties.  The critical point is not whether the funds are "restitutionary" or not; it whether the liability is immediate, arising from Christian's legal indebtedness to the bankruptcy estate.  It is sufficient for the purposes of this analysis that the court finds the type of

liability alleged against Christian is not the same as was alleged in <u>Jefferson</u>, <u>E Z Feed Cube</u>, and <u>Dixon</u>. Having so found, the court continues to be of the opinion that the exception to the general rule set forth in those cases does not apply here.

The court will deny Christian's motion for reconsideration. It is perhaps important to clarify that the finding there is no jury trial right as to any of the claims alleged by Plaintiff is not synonymous with a determination that Plaintiff may not bring his action in this court. Indeed, as suggested by <u>Langenkamp v. Culp</u>, 498 U.S. 42, 44-45 (1990), in order for the bankruptcy estate to proceed to recover preference payments made pre-petition, the bankruptcy trustee may be required to sue in district court if the recipient of the preference payments has not submitted to the jurisdiction of the bankruptcy court. This issue is not before the court at this time and the court makes no determination on the issue.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that Christian's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     June 8, 2006**                        _____/s/ Anthony W. Ishii_____
0m8i78                                                    UNITED STATES DISTRICT JUDGE